

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
03/05/2015

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 15–30786** |
| **CALMENA ENERGY SERVICES INC.,** | § | **Jointly Administered** |
| ***et al.,***[1] | § | |
| | § | **Chapter 15** |
| Debtors in a foreign proceeding. | § | |

## ORDER GRANTING RECEIVER'S PETITION FOR RECOGNITION AS FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1515 AND 1517 OF THE UNITED STATES BANKRUPTCY CODE AND RELATED RELIEF

Upon consideration of the *Receiver's Petition for Recognition as Foreign Main Proceeding Pursuant to Sections 1515 and 1517 of the United States Bankruptcy Code and Related Relief* (the "**Petition**") filed by Ernst & Young Inc., as the court-appointed receiver (the "**Receiver**") and authorized foreign representative of the above-captioned Debtors, and after due deliberation and consideration of this Court's powers and discretion under 11 U.S.C. §§ 1515, 1517, 1520, and 1521 and sufficient cause appearing therefore, the Court finds and concludes as follows:

    A.    The "**Debtors**" are the following four entities: Calmena Energy Services Inc. ("**CESI**"); Calmena Energy Services (USA) Corp. ("**CES USA Corp.**"); Calmena Drilling Services LLC ("**Drilling LLC**"); and Calmena Drilling Services US LP ("**Drilling LP**").

    B.    On January 19, 2015, HSBC Bank Canada ("**HSBC**") filed an Application for Interim Receiver (the "**Application**") pursuant to Canada's Bankruptcy and Insolvency Act ("**BIA**") in the Court of Queen's Bench of Alberta, Judicial Centre of Calgary (the "**Canadian Court**").

    C.    On January 20, 2015, the Canadian Court entered an order (the "**Receivership Order**") granting the Application, initiating the receivership proceeding (the "**Canadian Proceeding**"), and appointing the Receiver.

---

[1]    The Debtors are Calmena Energy Services Inc.; Calmena Energy Services (USA) Corp.; Calmena Drilling Services LLC; and Calmena Drilling Services US LP.

D.    On February 9, 2015, the Canadian Court entered an amended order (the "**Amended Receivership Order**") removing certain Non-Debtor entities from the Receivership Proceeding but not otherwise affecting the Receiver's authority.

E.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b) and 11 U.S.C. §§ 109 and 1501. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

F.    Venue is proper in this district pursuant to 28 U.S.C. § 1410(3).

G.    The Receiver is a person within the meaning of 11 U.S.C. § 101(41) and is the duly appointed foreign representative of the Debtors within the meaning of 11 U.S.C. § 101(24).

H.    This case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

I.     The Canadian Proceeding is a foreign proceeding within the meaning of 11 U.S.C. § 101(23).

J.     The Canadian Proceeding is entitled to recognition by this Court pursuant to of 11 U.S.C. § 1517.

K.    The Canadian Proceeding is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. §§ 1502(4) and 1517(b)(1). The Debtors' centers of main interests are in Canada.

L.    The Receiver is entitled to the relief afforded under 11 U.S.C. § 1520.

M.   There is a substantial likelihood that with the relief granted herein, the Receiver will be able to successfully liquidate the remaining assets of the Debtors' under the provisions of the Bankruptcy Code in the above-referenced chapter 15 bankruptcy cases and the BIA in the Canadian Proceeding, which will benefit all stakeholders.

N.    Relief is needed to protect the assets of the Debtors or the interests of the creditors pursuant to 11 U.S.C. § 1521. Therefore, the Receiver is entitled to the additional relief afforded under 11 U.S.C. § 1521 (the "**1521 Relief**").

O.    There is a substantial threat of irreparable injury if the 1521 Relief is not issued.

P.    Any threatened injury to the Debtors outweighs any damage the injunction might cause to the opponents. The 1521 Relief would actually benefit the Debtors' creditors by ensuring an equitable and orderly distribution of assets and facilitate the Canadian Proceeding.

Q.  The 1521 Relief will not disserve the public interest.  The 1521 Relief is in the public interest.  It sets to facilitate a cross-border reorganization that will provide a benefit to the estates of the Debtors.  The 1521 Relief is supported by notions of comity and will allow the Receiver to craft a productive solution for the Debtors' estates.

R.  As a result, the Receiver, in its role as foreign representative of the Debtors, and the Debtors are entitled to the full protections and rights available pursuant to 11 U.S.C. § 1521.

S.  The relief granted is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting the requested relief.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.  The Canadian Proceeding is hereby recognized as a foreign main proceeding pursuant to 11 U.S.C. § 1517.

2.  The Receivership Order and the Amended Receivership Order are consistent with the public policy of the United States and are therefore granted comity.  The terms of the Receivership Order and the Amended Receivership Order granted in the Canadian Proceeding under the BIA on January 20, 2015 and February 6, 2015, respectively, are given full force and effect in the United States.

3.  The Receiver is granted all of the relief afforded under 11 U.S.C. § 1520, including the following:

(a)  Sections 361 and 362 of the Bankruptcy Code apply with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States;

(b)  Sections 363, 549 and 552 of the Bankruptcy Code apply to a transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;

       (c)      the Receiver may operate the Debtors' business and may exercise the rights and powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363 and 552; and

       (d)      Section 552 of the Bankruptcy Code applies to property of the Debtors that is within the territorial jurisdiction of the United States.

4.      Pursuant to 11 U.S.C. § 1524, the Receiver may intervene in any proceeding in a State or Federal court in the United States in which a Debtor is a party.

5.      Pursuant to 11 U.S.C. § 1523(a), the Receiver has standing in a case concerning any of the Debtors pending under another chapter of this title to initiate actions under 11 U.S.C. §§ 522, 544, 545, 547, 548, 550, 553, and 724(a).

6.      The following additional relief is granted pursuant to 11 U.S.C. § 1524:

       (a)      The commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Debtors, including any action or proceeding against EY in its capacity as Receiver of the Debtors, to the extent not stayed under 11 U.S.C. § 1520(a), is hereby stayed.

       (e)      Execution against the assets of the Debtors to the extent not stayed under 11 U.S.C. § 1520(a) is hereby stayed.

       (f)      The administration or realization of all or part of the assets of the Debtors within the territorial jurisdiction of the United States is hereby entrusted to the Debtors, and the terms of the Receivership Order shall apply to the Debtors, its creditors, the Receiver, and any other parties in interest.

       (g)      The right of any person or entity, other than the Receiver, to transfer or otherwise dispose of any assets of the Debtors to the extent not suspended under 11 U.S.C. § 1520(a) is hereby suspended unless authorized in writing by the Receiver or by Order of this Court.

       (h)      The Receiver may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors.

(i)   Notwithstanding Federal Rule of Bankruptcy Procedure 7062, made applicable to this case by Federal Rule of Bankruptcy Procedure 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and, upon its entry, shall become final and appealable.

7.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these chapter 15 bankruptcy cases and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.   The relief provided herein shall survive the termination of the Canadian Proceeding subject to further order of this Court after notice and hearing.

8.     The security provision provided in Federal Rule of Civil Procedure Rule 65(c), made applicable through Federal Rule of Bankruptcy Procedure 7065, is unnecessary in this case and is therefore waived.

9.     This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

Dated: _MARch 5, 2015_

_K. K. Brown_

UNITED STATES BANKRUPTCY JUDGE

**Order Granting Receiver's Petition for Recognition as Foreign Main Proceeding Pursuant to Sections 1515 and 1517 of the United States Bankruptcy Code and Related Relief**
47909532.4

5