

ENTERED
06/02/2015

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 15–30786 |
| CALMENA ENERGY SERVICES INC., | § | Jointly Administered |
| *et al.*,[1] | § | |
| | § | Chapter 15 |
| Debtors in a foreign proceeding. | § | |

ORDER GRANTING RECEIVER'S EXPEDITED MOTION FOR
ORDER APPROVING SALE OF SUBSTANTIALLY ALL ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
INTERESTS AND GRANTING COMITY TO ORDER OF THE CANADIAN COURT

Before the Court is the *Receiver's Expedited Motion for Order Approving Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests and Granting Comity to Order of the Canadian Court* (the "**Motion**"), filed by Ernst & Young Inc. ("**EY**"), as the court-appointed receiver (the "**Receiver**") based upon the Receivership Order dated January 20, 2015, evented by the Court of Queen's Bench of Alberta in the Judicial Centre of Calgary, Canada (the "**Canadian Proceeding**"), and authorized foreign representative of the above-captioned Debtors. The Court has considered the Motion, applicable law, the evidence in the record, and the counsel's argument at the Sale Hearing, as well as the record of and docket filings in these chapter 15 cases, of which the Court takes judicial notice. After proper notice and a hearing, the Court finds that the Motion is well-taken and that the requested relief is in the best interest of the Debtors, their estates, their creditors, and other parties in interest. Accordingly, the Court HEREBY FINDS THAT:

---

[1] The Debtors are Calmena Energy Services Inc.; Calmena Energy Services (USA) Corp.; Calmena Drilling Services LLC; and Calmena Drilling Services US LP.

**Jurisdiction, Final Order, and Statutory Bases**

A.    This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 1334(a) and 11 U.S.C. § 1501. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N) and (P). Venue is proper in this District and in this Court pursuant to 28 U.S.C. § 1410.

B.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding anything to the contrary, including Federal Rule of Bankruptcy Procedure[2] 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs that this Order constitute an entry of judgment.

C.    The statutory predicates for the relief requested in the Motion and granted herein are, *inter alia*, 11 U.S.C. §§ 105(a) and 363(b), (f), and (m) and Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), and (h), 9007, and 9014.

**Notice**

D.    Notice of the Motion, the relief granted herein, and an opportunity to be heard in connection with any of the foregoing was provided to all creditors as well as parties in interest and was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the relief granted herein or the Sale Hearing[3] is required.

E.    The Debtors and the Receiver conducted a sale process that afforded a full and fair opportunity for any person or entity to make its highest and best offer to purchase the

---

[2] Hereinafter, "Rule" or "Rules," as appropriate.
[3] Capitalized terms not otherwise defined in this order will have the same meaning as ascribed in the Motion.

Purchased Assets. The sale process was duly noticed and conducted in a non-collusive, fair, and good faith manner, and a reasonable opportunity has been given to any interested party to make its highest and best offer for the Purchased Assets.

### Validity of Transfer

F. The Debtors have full corporate power and authority to execute and consummate the Proposed Transactions, delivering all documents contemplated thereby, and no further consents, approvals, or conditions precedent are required for the Debtors or the Receiver to consummate the Proposed Transactions.

G. The sale, transfer and assignment of each of the Purchased Assets to the respective Purchasers will be, as of the closing dates of the Proposed Transactions (each, respectively, a "**Closing Date**"), a legal, valid, and effective sale, transfer, and assignment of such assets, and each such sale, transfer and assignment vests or will vest the Purchasers with all right, title, and interest of the Debtors to the Purchased Assets free and clear of all liens, claims, encumbrances, liabilities, and interests (including, but not limited to Claims and Encumbrances, other than Permitted Encumbrances as defined in Section 1.1(ff) of the 161 APA and Section 1.1(ee) of the Turbo Drill APA (the "**Permitted Encumbrances**")) of any kind or nature whatsoever against the Receiver, the Debtors, their estates, or any of the Purchased Assets located in the United States accruing, arising, or relating to facts or circumstances existing as of or at any time prior to the Closing Date (collectively, "**Free and Clear**").

### Good Faith of the Purchasers

H. Purchasers are not "insiders" of any of the Debtors, as defined in 11 U.S.C. § 101(31).

I. The Debtors and the Receiver have demonstrated compelling circumstances and a good and sufficient business purpose and justification for the sale.

J. Purchasers are purchasing the Purchased Assets in good faith and are good faith buyers within the meaning of 11 U.S.C. § 363(m). Purchasers are, therefore, entitled to the full protections of § 363(m) and have proceeded in good faith in all respects in connection with this proceeding.

K. The prices to be paid for the Purchased Assets by the Purchasers were not controlled by any agreement among potential bidders at such sale and neither the Debtors, the Receiver, nor the Purchasers engaged in collusion or any other conduct that would cause or permit the Proposed Transactions to be avoidable under 11 U.S.C. § 363(n).

L. The Proposed Transactions were negotiated at arms' length and in good faith and represents a fair and reasonable offer to purchase the Purchased Assets under the circumstances of these chapter 15 bankruptcy cases. The Purchase Price being paid by the Purchasers represents the highest and best offer for the Purchased Assets resulting from the sale process.

M. Approval of the Motion and the Proposed Transactions, and the consummation of the Proposed Transaction are in the best interests of the Debtors, their creditors, their estates, and all other parties-in-interest.

## Satisfaction of 11 U.S.C. § 363(f)

N. The Purchasers would not have entered into the Proposed Transactions and would not consummate the Proposed Transactions if the sales of the Purchased Assets to the Purchasers were not Free and Clear. The Debtors and the Receiver on behalf of the Debtors may sell the Purchased Assets located in the United States Free and Clear because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those holders of liens,

claims, encumbrances, and interests against the Debtors, their estates, or any of the Purchased Assets located in the United States, who did not object, or who withdrew their objections, to the Proposed Transactions or the Motion are deemed to have consented thereto pursuant to § 363(f)(2). Those holders of such liens, claims, encumbrances, and interests who did object fall within one or more of the other subsections of § 363(f) and are adequately protected by having their liens, claims, encumbrances, and interests, if any, in each instance against the Debtors, their estates, or any of the Purchased Assets, attach to the proceeds of the Transaction received by the Receiver ultimately attributable to the Purchased Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Proposed Transactions, and subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

      O.     The transfer of the Purchased Assets to Purchasers Free and Clear will not result in any undue burden or prejudice to any holders of any liens, claims, encumbrances, or interests. Except as expressly permitted or otherwise specifically provided by the Proposed Transactions or this Order, all such liens, claims, encumbrances, and interests of any kind or nature whatsoever shall attach to the proceeds of the Transaction received by the Foreign Representative in the order of their priority, with the same validity, force and effect which they now have as against the Purchased Assets and subject to any claims and defenses the Debtors or other parties may possess with respect thereto. All persons or entities having liens, claims, encumbrances, or interests of any kind or nature whatsoever against or in any of the Debtors or the Purchased Assets shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such liens, claims, encumbrances, or interests, if any, whether by payment, setoff, or otherwise, against Purchasers, any Purchased Assets, or any successors or assigns.

**Compelling Circumstances for Immediate Sale**

P.     To maximize the value of the Purchased Assets to the Debtors, their estates, creditors, and parties in interest, it is essential that the Closing Date of each of the Proposed Transactions occur within the time constraints set forth in the Motion.  Time is of the essence in consummating the Proposed Transactions as set forth in the Motion.

Q.     Given all of the circumstances of these Chapter 15 cases and the adequacy and fair value of the prices to be paid for the Purchased Assets, the Proposed Transactions constitute a reasonable exercise of the Debtors' and Receiver's business judgment and should be approved.

R.     The consummation of each of the Proposed Transactions is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 105(a) and 363(b), (f), and (m), and, with respect to the Proposed Transactions, all of the applicable requirements of such sections have been complied with. Accordingly, the Court HEREBY ORDERS THAT:

**General Provisions**

1.     The relief requested in the Motion is **GRANTED**.  The Proposed Transactions contemplated by the Motion are approved as set forth in this Order.

2.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to this Court at the Sale Hearing or by stipulation filed with this Court or as otherwise provided in this Order, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Canadian Sale Orders and the Typographical Error Order entered in the Canadian Proceeding, copies of which are attached to this Order as **Exhibit A, Exhibit B** and **Exhibit C**, are hereby recognized and given full force and effect in the United States.

## Approval of the Proposed Transactions

4. Given all of the circumstances of these chapter 15 bankruptcy cases and the adequacy and fair value to be paid for the Purchased Assets, the Proposed Transactions constitute a reasonable exercise of the Debtors' and Receiver's business judgment and are approved. The Proposed Transactions described in the 161 APA attached to this Order as **Exhibit D** and the Turbo Drill APA attached to this Order as **Exhibit E**, as modified by the Amending Agreement dated May 19, 2015 between the Debtors and Turbo Drill attached as **Exhibit F,** and all other ancillary documents thereto, and all of the terms and conditions thereof, are each hereby approved.

5. Pursuant to 11 U.S.C. § 363(b) and (f) and the Recognition Order, the Debtors and Receiver are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Proposed Transactions pursuant to and in accordance with the terms and conditions of the sale documents relating thereto, (b) close the Proposed Transactions as contemplated in the Motion and this Order, and (c) execute and deliver, perform, consummate, implement, and close the Proposed Transactions, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Proposed Transactions, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Proposed Transactions and other ancillary documents.

6. This Order shall be binding in all respects upon the Receiver, the Debtors, and the Debtors' creditors, all holders of equity interests in any of the Debtors, all holders of any claim(s), whether known or unknown, against any Debtor, any holders of liens, claims, encumbrances and interests against or on all or any portion of the Purchased Assets, any parties in interest, all contract counter-parties, the Purchasers, and all successors and assigns of the Purchasers, and any trustees, examiners, responsible officers, estate representatives, or similar entities for any of the Debtors, if any, subsequently appointed in any of the Debtors' chapter 15 bankruptcy cases or upon a conversion to chapter 7 or 11 under the Bankruptcy Code of any of the Debtors' cases. This Order and the Proposed Transactions shall inure to the benefit of the Receiver, the Debtors, the Purchasers, and their respective successors and assigns.

**Transfer of Purchased Assets**

7. Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and (f), the Debtors and the Receiver are authorized to transfer the Purchased Assets on the Closing Date, and Purchasers are directed to pay the agreed purchase prices to the Receiver on the Debtors' behalf as provided in the 161 APA and the Turbo Drill APA. Except as otherwise provided in the Proposed Transactions, the Purchased Assets shall be transferred to Purchasers "as is, where is" with all faults in accordance with the sale documents upon and as of the Closing Date. Such transfer shall constitute a legal, valid, binding, and effective transfer of such Purchased Assets and, upon the Debtors' receipt of the agreed purchase price, shall be Free and Clear. Upon the consummation of the Proposed Transactions on the Closing Date, the Purchasers shall take title to and possession of the Purchased Assets as provided in the 161 APA and the Turbo Drill APA.

8. All persons or entities other than the Debtors, if any, that are in possession of some or all of the Purchased Assets and any certificates of title, instruments or other indicia of

title representing or evidencing ownership of the Purchased Assets located in the United States that have been pledged as security in respect of the Purchased Assets (the "**Indicia of Ownership**") are directed to surrender possession of such Purchased Assets and Indicia of Ownership. The Receiver and the Debtors shall exercise commercially reasonable efforts to assist the Purchasers in assuring that all persons or entities in possession of some or all of the Purchased Assets will surrender possession of the Purchased Assets and Indicia of Ownership to (i) the Debtors before the Closing Date or (ii) the Purchasers on or after the Closing Date. All persons or entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Receiver and the Debtors to sell and transfer the Purchased Assets located in the United States to the Purchasers in accordance with the terms of the Proposed Transactions and this Order.

9. Pursuant to 11 U.S.C. § 363(f), the transfer of title to the Purchased Assets located in the United States shall be Free and Clear.

10. The Purchasers are not successors (*de facto*, by alter ego, by veil piercing, as continuing business enterprise, or otherwise) and shall not be liable as successors under any theory of successor liability for liens, claims, encumbrances, or interests that encumber or relate to the Purchased Assets located in the United States. All liens, claims, encumbrances and interests shall attach solely to the proceeds of the sale received by the Receiver with the same validity, priority, force, and effect that they now have as against the Purchased Assets located in the United States, and subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

11. On the Closing Date, each party in interest is authorized and directed to execute such documents and take all other actions as may be necessary to release liens, claims,

encumbrances, and interests on the Purchased Assets located in the United States, if any, as provided for herein, as such liens, claims, encumbrances, and interests may have been recorded or may otherwise exist.

12. This Order shall be effective as a determination that, as of the Closing Date, all liens, claims, encumbrances, and interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing Date of the sale, other than Permitted Encumbrances, have been unconditionally released, discharged and terminated and that the Free and Clear conveyances described herein have been effected, with such liens, claims, encumbrances and interests to attach to the proceeds received by the Receiver on behalf of the Debtors in the same priority that existed prior to the Petition Date.

13. If any person or entity that has filed statements or other documents or agreements evidencing liens, claims, encumbrances, or interests on or in, all or any portion of the Purchased Assets (a "**Claim Holder**") has not delivered to the Debtors or Purchasers prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to Purchasers for the purpose of documenting the release of all liens, claims, encumbrances and interests that such Claim Holder has or may assert with respect to all or any portion of the Purchased Assets, then the Debtors, the Receiver, or Purchasers are authorized to execute and file such statements, instruments, releases, and other documents on behalf of such Claim Holder with respect to the Purchased Assets and each and every filing office, agency, clerk, or recorder is authorized and directed to accept same. Purchasers are authorized to file, register, or otherwise record a certified copy of this Order with the appropriate filing office, agency, clerk, or recorder, which, once filed, registered, or otherwise recorded, shall constitute

conclusive evidence of the sale of the Purchased Assets located in the United States, Free and Clear, including the release of all liens, claims, encumbrances, and interests in the Purchased Assets located in the United States as of the Closing Date of any kind or nature whatsoever.

14.     Except as expressly permitted or otherwise specifically provided in the 161 APA and the Turbo Drill APA or this Order, all persons or entities holding liens, claims, encumbrances, or interests in all or any portion of the Purchased Assets located in the United States arising under or out of, in connection with, or in any way relating to the Debtors, the Purchased Assets, the operation of the Debtors' business prior to the Closing Date, or the transfer of the Purchased Assets to Purchasers, are hereby forever prohibited and permanently enjoined from asserting such liens, claims, encumbrances, and interests, whether by payment, setoff, or otherwise, against Purchasers, their successors or assigns, the property of such successors or assigns, or the Purchased Assets.

15.     This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all county clerks, filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing entities is hereby directed to and shall accept for filing any and all of the documents and instruments necessary and appropriate to consummate, effectuate or reflect the transactions contemplated by this Order or the Proposed Transactions.

**Other Provisions**

16.     Except as otherwise expressly set forth in this Order or the Proposed Transactions, Purchasers shall not have any liability or other obligation of the Debtors or the Receiver arising under or related to any of the Purchased Assets located in the United States.

17.     Purchasers shall not be liable for any liens, claims, encumbrances, or interests of any kind or nature whatsoever in or against the Debtors, the Receiver or any of their predecessors or affiliates, and Purchasers shall have no successor or vicarious liabilities of any kind or character including, but not limited to, liabilities on account of any tax arising, accruing, or payable under, out of, in connection with, or in any way relating to the ownership or operation of any of the Purchased Assets located in the United States prior to the Closing Date of the sales (except as agreed to in the 161 APA and the Turbo Drill APA or auxiliary documents executed in connection therewith).

18.     Following the Closing Date, no Claim Holder shall interfere with Purchasers' title to or use and enjoyment of the Purchased Assets based on or related to such lien, claim, encumbrance or interest, or any actions that the Receiver or the Debtors may take in these chapter 15 bankruptcy cases.

19.     The Proposed Transactions are undertaken by Purchasers without collusion and in good faith, as that term is defined in 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the Proposed Transactions, unless such authorization and consummation of the Proposed Transactions are duly stayed pending such appeal. Purchasers are good faith buyers within the meaning of 11 U.S.C. § 363(m) and, as such, are entitled to the full protections of § 363(m).

20. The Proposed Transactions may not be avoided and no party shall be entitled to damages or other recovery pursuant to 11 U.S.C. § 363(n).

21. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) these chapter 15 bankruptcy cases, (b) any subsequent chapter 7 or 11 bankruptcy case into which any such chapter 15 bankruptcy cases may be converted, or (c) any related proceeding subsequent to entry of this Order, shall affect, conflict with or derogate from the provisions of the Proposed Transactions or the terms of this Order.

22. Pursuant to Bankruptcy Rules 7062, 9014, 6004(h), and 6006(d), this Order shall be effective immediately upon entry and the Receiver, the Debtors, and Purchasers are authorized, but are not required, to close the sale immediately upon entry of this Order, and any stay periods in Bankruptcy Rules 7062 or 6004(h), or otherwise, are expressly waived.

23. Any laws regarding bulk sales, or similar laws, are not applicable to the sale of the Purchased Assets. As the assignment, transfer and/or sale of the Purchased Assets: (i) is in exchange for the Purchase Price, no withholding of U.S. federal income tax pursuant to sections 1441 or 1442 of the Internal Revenue Code is required, and (ii) as the sale of the entire operating assets of the Debtors' business, constitutes an occasional sale, it is exempt from Texas sales and use tax pursuant to Texas Comptroller's Sales Tax Rule 34, Tex. Admin. Code § 3.316, and Texas Tax Code § 151.304.

24. To the extent that this Order is inconsistent with any prior order or pleading in these chapter 15 bankruptcy cases, the terms of this Order shall govern. To the extent that this Order is inconsistent with the Canadian Sale Orders, the terms of the Canadian Sale Orders shall govern.

25. To the extent there are any inconsistencies between the terms of this Order and the Proposed Transactions (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

26. The Receiver and the Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Order.

27. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact set forth herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law set forth herein constitute findings of fact, they are adopted as such.

28. This Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, and to adjudicate, if necessary, any and all disputes concerning or relating to this Order.

Dated: _____June 2, 2015_____

KAREN K BROWN
United States Bankruptcy Judge