IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 15–30786 |
| CALMENA ENERGY SERVICES INC., | § | Jointly Administered |
| *et al.*,[1] | § | |
| | § | Chapter 15 |
| Debtors in a foreign proceeding. | | |

**RECEIVER'S MOTION FOR APPROVAL OF AN INTERIM DISTRIBUTION OF  U.S.
SALE PROCEEDS TO HSBC BANK CANADA**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF
YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE
A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU
MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE
DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE
WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT
FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED
WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE
MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST
ATTEND   THE   HEARING.   UNLESS   THE   PARTIES   AGREE
OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE
HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
REPRESENTED   PARTIES   SHOULD   ACT   THROUGH   THEIR
ATTORNEY.**

Now comes Ernst & Young Inc. ("**EY**"), as the court-appointed Canadian receiver (the

"**Receiver**") and authorized foreign representative under chapter 15 of the Bankruptcy Code and

files this Receiver's Motion For Approval Of An Interim Distribution Of  U.S. Sale Proceeds To

HSBC Bank Canada (the "**Motion**"), and states:

---

[1]      The Debtors are Calmena Energy Services Inc.; Calmena Energy Services (USA) Corp.; Calmena Drilling
Services LLC; and Calmena Drilling Services US LP.

# I.
## INTRODUCTION

The Receiver is the authorized foreign representative from a Canadian proceeding of the above-captioned Chapter 15 debtors.  Because the Canadian proceeding was recognized as a foreign main proceeding, under 11 U.S.C. § 1502(a)(2), section 363 of the Bankruptcy Code applies to any transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that section 363 would apply to property of the estate.

All of the Debtors' assets that were in the territorial jurisdiction of the United States have been sold pursuant to 11 U.S.C. § 363 and reduced to cash, with the liens against those assets attaching to those cash proceeds.  Based on the recoveries from those sales, there will not be enough cash to make a dividend to general unsecured creditors.  The Receiver holds cash for the benefit of priority tax claims and for HSBC Bank Canada, the first priority secured lender.  The Receiver is in the process of determining the amount of priority tax claims that must be paid from the sales proceeds, and has reserved an adequate amount to cover such tax claims when they are finally determined.

To avoid further delay in payment to HSBC Bank Canada, the Receiver seeks authority under 11 U.S.C. § 363 to make an interim distribution of sales proceeds to HSBC Bank Canada.

# II.
## JURISDICTION, CORE ALLEGATIONS, AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and 11 U.S.C. § 1501 of the Bankruptcy Code. Venue is proper in this district pursuant to 28 U.S.C. § 1410. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).

### III.
### SUPPORT FOR THIS MOTION

The Receiver relies on evidence to be presented at the hearing (if any) on this Motion, this Court's judicial notice of the proceedings in this jointly administered case, and the following exhibit:

| Exhibit | Description |
|---------|-------------|
| A | Form of Order Granting Receiver's Motion to Distribute Sale Proceeds |

### IV.
### BACKGROUND

**A.    The Canadian Receivership Includes Debtor and Non-Debtor Entities**

1.    On January 20, 2015, HSBC Bank Canada filed an application for receivership with respect to several Calmena companies with the Court of Queen's Bench of Alberta in the Judicial Centre of Calgary, Canada (the "**Canadian Court**").  The application for receivership ("**Canadian Proceeding**") was made pursuant to the Bankruptcy and Insolvency Act ("**BIA**"), which is one of two pieces of federal legislations in Canada applicable to bankruptcies and insolvencies.[1]  Bankruptcy and Insolvency Act, R.S.C. 1985, c. B-3 (Can.).  The BIA governs both voluntary and involuntary bankruptcy liquidations and provides for debtor reorganizations.

2.    On January 20, 2015, the Canadian Court entered the Receivership Order, appointing EY as the Receiver. Eleven entities are subject to the Receivership Order in the Canadian Proceeding.  In addition to the above-captioned Debtors, the following related entities are subject to the Receivership Order: Calmena Energy Holdings Ltd.; Calmena Energy Services Operating Limited Partnership; and 1414995 Alberta Ltd. (the "**Non-Debtor Entities**").    The

---

[1]    The second federal legislation in Canada concerning bankruptcies and insolvencies is the Companies' Creditors Arrangement Act ("**CCAA**"), which affords financially troubled corporations the opportunity to restructure their financial affairs through a "Plan of Arrangement."  Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (Can.).  The CCAA process is akin to chapter 11 of the Bankruptcy Code, affording companies an opportunity to restructure operations rather than liquidate.  *See In re Fracmaster, Ltd.*, 237 B.R. 627, 629 n.3 (Bankr. E.D. Tex. 1999).

Non-Debtor Entities are all affiliates of the above-captioned Debtors but are not included in the U.S. chapter 15 cases.

**B.      There Are Other Entities That Are Neither In The Receivership Nor The Chapter 15 Cases**

3.      There are also has several other Debtors not included in either the U.S. chapter 15 cases or the Canadian Proceeding (the "**Other Entities**").  The above-referenced Debtors, the Non-Debtor Entities, and the Other Entities may be referenced collectively as the "**Calmena Entities**."

**C.      The Debtors that are Subject to these Chapter 15 Cases**

4.      The Debtors are Calmena Energy Services Inc. ("**CESI**"); Calmena Energy Services (USA) Corp. ("**CES USA Corp.**"); Calmena Drilling Services LLC ("**Drilling LLC**"); Calmena Drilling Services US LP ("**Drilling LP**).  CESI is a corporation formed under the laws of Alberta, Canada with its principal place of business located in Calgary, Alberta, Canada. CESI is the 100-percent Canadian parent company of Calmena Energy Services (USA) Corp. ("**CES USA Corp.**"), a corporation formed under the laws of Delaware.  CES USA Corp. owns 100 percent of Calmena Drilling Services LLC ("**Drilling LLC**"), a corporation formed under the laws of Nevada, and owns a ninety-nine-percent limited partner interest in Calmena Drilling Services US LP ("**Drilling LP**"), a limited partnership formed under the laws of Texas.  Drilling LLC owns the remaining one percent interest in Drilling LP as the general partner.  Thus, there are four Debtors, which include one Canadian parent and three United States subsidiaries.

**D.      The Chapter 15 Petitions and Recognition Order**

5.      On February 5, 2015, the Receiver filed Official Form No. 1 Chapter 15 petitions for each of the four Debtors pursuant to 11 U.S.C. §§ 1504, 1509(a), and 1515(a). The four Debtors cases are jointly administered under Case No. 15-30786.

6.      On February 6, 2015, the Receiver filed "Receiver's Petition For Recognition As Foreign Main Proceeding Pursuant To Sections 1515 And 1517 Of The United States Bankruptcy Code And Related Relief."  Dkt. 2.  On March 5, 2015, this Court entered "Order Granting Receiver's Petition For Recognition As Foreign Main Proceeding Pursuant To Sections 1515 And 1517 Of The United States Bankruptcy Code And Related Relief" ("**Recognition Order**"). Dkt. 17.  In the Receivership Order, this court found that EY as Receiver is the duly appointed foreign representative of the Debtors within the meaning of 11 U.S.C. § 101(24).  Dkt. 17 at 2 of 5 para. G.  Also as a result of the Recognition Order, Section 363 of the Bankruptcy Code applies to any transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that section 363 would apply to property of the estate. Dkt. 17 at 3 of 5 para. 3(b).

E.      **Claims Process Order and Claims Bar Date**

7.      On May 4, 2015, the Receiver filed the "Receiver's Motion for Approval of Claims Process for United States Creditors" (the "**Claims Process Motion**") to establish a process by which claims of U.S. creditors of the Debtors may be submitted for review. Dkt. 24. On June 2, 2015, the Court entered Order Granting Receiver's Motion for Approval of Claims Process for United States Creditors ("**Claims Process Order**"). Dkt. 35.  Among other things, the Court ordered that sections 501, 502, 505, 506, 509, 510, and 511 shall apply in this Chapter 15 case, and that all Proofs of Claims must be filed by the Claims Bar Date of July 31, 2015.

F.      **Sale of Assets**

8.      On May 15, 2015, the Receiver filed "Receivers Expedited Motion for Order Approving Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests and Granting Comity to Order of the Canadian Court" ("**Sale Motion**").  Dkt. 26.  On June 2, 2015, this Court entered "Order Granting Receivers Expedited Motion for Order

Approving Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests and Granting Comity to Order of the Canadian Court"( "**Sale Order**"), approving the Sale Motion. Dkt. 36.

**G.    The 161 Alberta Sale**

9.    The Sale Order concerned two transactions.  One transaction was a sale to buyer 1616057 Alberta Ltd., a Canadian corporation formed under Alberta law ("**161 Alberta**") (the "**161 Alberta Sale**"). In the 161 Alberta Sale, 161 Alberta purchased the directional drilling equipment (the "**Equipment**") located in Oklahoma City, OK and Conroe, TX.  The Equipment is comprised of directional drilling motors and associated parts (the "**Motor Assets**") and the measurement-while-drilling systems and associated parts (the "**MWD Assets**"). The Equipment was owned by either, Drilling LLC, or Non-Debtor Entity Calmena Luxembourg Holdings S.a.r.l. ("**Calmena Luxembourg**").   161 Alberta contracted to purchase the Debtors' MWD Assets located in Oklahoma, Massachusetts, and Alberta for the price of CAD $835,000 (approximately USD $694,720).

10.    The Asset Purchase Agreement between Calmena Drilling Services US LP, Calmena Drilling Services LLC, and Calmena Luxembourg Holding S.A.R.L. (as "**Vendor**") and 1616057 Alberta Ltd. (as "**Purchaser**") is Exhibit D to the Sale Order (the "**1616 Alberta APA**").

11.    The 161 Alberta Sale closed on July 2, 2015, and the Receiver holds CAD $834,818 in funds as the net proceeds from the 161 Alberta Sale.

**H.    The Turbo Drill Sale**

12.    The other transaction approved by the Sale Order was a sale to buyer Turbo Drill Industries, Inc., a Texas corporation ("**Turbo Drill**")(the "**Turbo Drill Sale**"). Turbo Drill

contracted to purchase the Debtors' Motor Assets located in Texas and Oklahoma[1] for CAD $800,000 (approximately USD $665,600).

13.    The Asset Purchase Agreement between Calmena Energy Services Inc., Calmena Drilling Services US LP, Calmena Drilling Services LLC, and Calmena Luxembourg Holding S.A.R.L. (as "**Vendor**") and Turbo Drill Industries, Inc. (as "**Purchaser**") is Exhibit E to the Sale Order (the "**Turbo Drill APA**").

14.    The Turbo Drill Sale closed on June 5, 2015, and the Receiver holds CAD $752,500 in funds as the net proceeds from the Turbo Drill Sale.

## I.    The Claims

15.    The Sale Motion states:

> The proceeds generated by the Proposed Transactions do not exceed the total of the claims of the two secured creditors, HSBC Bank Canada and Alpine Capital Corp.  Thus, the Receiver does not anticipate a recovery for unsecured creditors.  But the Receiver anticipates that the various taxing authorities and agencies in the U.S. jurisdictions within which the Debtors operated and in which the Purchased Assets are located will assert statutory lien claims for certain taxes alleged to be owed on the Purchased Assets located in the United States sold as part of the Proposed Transactions (the "**Tax Claims**").  Until the Tax Claims have been filed and reviewed, and a determination made as to their allowance, the Receiver will be unable to distribute sales proceeds to claimants with allowed claims or to administer and close these cases.

16.    On July 8, 2015, HSBC Bank Canada filed the following secured Proofs of Claim:

| Claim No. | Debtor | Claims Register Case No. | Amount |
|-----------|--------|--------------------------|--------|
| 9 | Calmena Energy Services, Inc.; 15-30786 | 15-30786 | $13,306,538.96 (USD) |

---

[1] While some of these assets were owned by Calmena Luxembourg, prior to closing, Calmena Luxembourg transferred those assets to Debtor CESI, which sold them to Turbo Drill.  Accordingly, this Court has jurisdiction over the proceeds of that sold property.

| Claim No. | Debtor | Claims Register Case No. | Amount |
|---|---|---|---|
| 10 | Calmena Drilling Services US LP; 15-30790 | 15-30786 | $13,306,538.96 (USD) |
| 4 | Calmena Energy Services (USA) Corp.; 15-30787 | 15-30787 | $13,306,538.96 (USD) |
| 7 | Calmena Drilling Services LLC; 15-30789 | 15-30789 | $13,306,538.96 (USD) |

17.     The Receiver is in the process of determining the amount of tax claims that should be paid from the net sale proceeds. As of December 14, 2015, the Receiver has reserved USD $400,000 to pay such tax claims, which the Receiver contends is an adequate amount to cover such tax claims after they are finally allowed.

18.     The Receiver seeks to make an interim distribution of up to CAD $1,000,000 to pay on HSBC Bank Canada's secured claim.

## V.
## ARGUMENT AND AUTHORITIES

### A.     Applicability of Section 363

19.     As stated above, by the Recognition Order, this Court recognized the Canadian Proceeding as the foreign main proceeding.  Upon recognition of a foreign proceeding that is a foreign main proceeding, section 363 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate. 11 U.S.C. § 1520(a)(2).  Section 363(b)(1) provides that the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.  11 U.S.C. § 363(b)(1).  All of the assets of the Debtors have been reduced to cash.

### B.     Applicability of Section 506

20.     In the Claims Process Order, the Court ordered that sections 501, 502, 505, 506, 509, 510, and 511 shall apply in this Chapter 15 case, and that all Proofs of Claims must be filed

by the Claims Bar Date of July 31, 2015. Accordingly, Section 506 would apply to secured claims against the Debtors' assets.

**C.**   **Liens Attached to Sale Proceeds**

21.   The Sale Order provided that liens against the Purchased Assets would attach to the sales proceeds in the order of their priority.

> Except as expressly permitted or otherwise specifically provided by the Proposed Transactions or this Order, **all such liens**, claims, encumbrances, and interests of any kind or nature whatsoever **shall attach to the proceeds** of the Transaction received by the Foreign Representative **in the order of their priority**, with the same validity, force and effect which they now have as against the Purchased Assets and subject to any claims and defenses the Debtors or other parties may possess with respect thereto.
> . . .
>
> All **liens**, claims, encumbrances and interests **shall attach solely to the proceeds of the sale** received by the Receiver with the **same validity, priority**, force, and effect that they now have as against the Purchased Assets located in the United States, and subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

Dkt. 36, at 5 [para. O] and 9 [para. 10] of 14.

22.   The Receiver has determined that HSBC Bank Canada's secured claim should be allowed in the amount of $13,306,538.96.  While HSBC Bank Canada's secured claim is lower in priority to certain tax claims, the Receiver has reserved adequate funds to pay such allowed tax claims and still have enough funds to make an interim distribution to HSBC Bank Canada.

23.   The Receiver is in the process of obtaining tax statements and making a final determination of the tax claims.  After such determination is made, the Receiver will apply to the Court to pay such tax claims.

**VI.**
**PRAYER**

WHEREFORE, the Receiver respectfully requests that the Court enter an order granting the relief requested herein, and grant all other relief, at law or in equity, to which the Receiver is justly entitled.

Dated:  December 16, 2015

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/Steve A. Peirce*

    Steve A. Peirce (TX 15731200)
    steve.peirce@nortonrosefulbright.com
    300 Convent Street, Suite 2100
    San Antonio, TX  78205-3792
    Telephone:  (210) 224-5575
    Facsimile:   (210) 270-7205

    R. Andrew Black (TX 02375110)
    Bob Bruner (TX 24062637)
    andrew.black@nortonrosefulbright.com
    bob.bruner@nortonrosefulbright.com
    Fulbright Tower
    1301 McKinney, Suite 5100
    Houston, TX 77010-3095
    Telephone:    (713) 651-5364
    Facsimile:    (713) 651-5246

    Louis R. Strubeck, Jr. (TX 19425600)
    Timothy S. Springer (TX 24088460)
    louis.strubeck@nortonrosefulbright.com
    tim.springer@nortonrosefulbright.com
    2200 Ross Avenue, Suite 2800
    Dallas, TX  75201
    Telephone:  (214) 855-8000
    Facsimile:   (214) 855-8200

    **COUNSEL FOR CANADIAN RECEIVER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Receiver's Motion to Distribute Sale Proceeds* has been served upon the persons entitled to notice on the attached service list by either U.S. first class mail, postage prepaid or by electronic notification on December 16, 2015.

<u>    /s/Steve A. Peirce    </u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 15–30786 |
| CALMENA ENERGY SERVICES INC., | § | Jointly Administered |
| *et al.*, | § | |
| | § | Chapter 15 |
| Debtors in a foreign proceeding. | | |

## SERVICE LIST

AIG INSURANCE COMPANY OF CANADA
RYAN G. FOLEY, AUTHORIZED REPRESENTATIVE
175 WATER STREET, 15TH FLOOR
NEW YORK, NEW YORK 10038


ALDINE INDEPENDENT SCHOOL DISTRICT TAX OFFICE
ATTN: DEBRA ANN GLENN
14909 ALDINE WESTFIELD ROAD
HOUSTON, TX 77032


ALDINE INDEPENDENT SCHOOL DISTRICT
C/O SUSAN R. FUERTES
14910 ALDINE-WESTFIELD ROAD
HOUSTON, TEXAS 77032


ALPINE CAPITAL CORP.
3900, 350 – 7TH AVENUE SW
CALGARY, ALBERTA T2P 3N9


AMEGA WEST SERVICES LLC
7454 SOLUTION CENTER
CHICAGO, IL 60677-7004


APPLIED PHYSICS SYSTEMS
281 EAST JAVA DRIVE
SUNNYVALE, CA 94089


CANADA REVENUE AGENCY
REGIONAL INTAKE CENTRE FOR INSOLVENCY
SUITE 10, 9700 JASPER AVENUE NW
EDMONTON, AB T5J 4C8

CAVARE LTD.
7901-39 STREET
LEDUC, AB T9E 0B3


CHRIS A. STACY
BRIAN A. BAKER
STACY & BAKER, P.C.
1010 LAMAR STREET, SUITE 1000
HOUSTON, TX 77002


COMPTROLLER OF PUBLIC ACCOUNTS
C/O OFFICE OF THE ATTORNEY GENERAL
BANKRUPTCY - COLLECTIONS DIVISION MC-008
PO BOX 12548
AUSTIN TX 78711-2548


CONSOLIDATED COMMUNICATIONS
PO BOX 66523
SAINT LOUIS, MO 63166-6523


DICE HOLDINGS INC
4939 COLLECTIONS CENTER DR
CHICAGO, IL 60693


DYNA DRILL TECHNOLOGIES LLC
BLAKE HAMM
SNOW SPENCE GREEN LLP
2929 ALLEN PARKWAY SUITE 2800
HOUSTON TX 77019


FORREST "BUTCH" FREEMAN
OKLAHOMA COUNTY TREASURER
320 ROBERTS S. KERR, RM 307
OKLAHOMA CITY, OK 73102


FORREST BUTCH FREEMAN
OKLAHOMA COUNTY TREASURER
320 ROBERT S. KERR, ROOM 307
OKLAHOMA CITY, OK 73102


GE ENERGY OILFIELD TECHNOLOGY, INC
4424 W SAM HOUSTON PKWY NORTH
SUITE 100
HOUSTON, TEXAS 77041

GEOLOGICAL SURVEY OF ALABAMA
STATE OIL AND GAS BOARD
P.O. BOX 1368
MOBILE, AL 36633-1368


GYRODATA
PO BOX 650823
DALLAS, TX 75265


HARRIS COUNTY
C/O LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
ATTN TARA L. GRUNDEMETER
PO BOX 3064
HOUSTON, TX 77253-3064


HSBC BANK CANADA
FASKEN MARTINEAU DUMOULIN LLP
ATTN: TRAVIS LYSAK
3400 350-7TH AVENUE SW CALGARY
ALBERTA, CANADA


HSBC BANK CANADA
SPECIAL CREDIT DEPARTMENT
ATTN: JEFF LOVESTEAD
3RD FLOOR, 2910 VIRTUAL WAY
VANCOUVER, B.C. V5M 0B2


ILLINOIS DEPARTMENT OF NATURAL RESOURCES
ONE NATURAL RESOURCES WAY
SPRINGFIELD, IL 62702-1271


INTEGRATED APPLICATIONS ENGINEERING
518 SUGAR CREEK BLVD
SUGARLAND, TX 77478


INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES STAFF – INSOLVENCY
P. O. BOX 7346
PHILADELPHIA, PA 19101-7346


JOHN MARK STERN
ASSISTANT ATTORNEY GENERAL
BANKRUPTCY & COLLECTIONS DIVISION MC 008
P.O. BOX 12548
AUSTIN, TX 78711-2548

KANSAS CORPORATION COMMISSION
ATTN: CONSERVATION DIVISION
266 N. MAIN ST., STE. 220
WICHITA, KS 67202-1513


LAURA J. MONROE
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
P. O. BOX 817
LUBBOCK, TX 79408


LEE ALLEN
8712 NW 116TH TER
OKLAHOMA CITY, OK 73162


LEVINGE FREIGHT LINES
17463 IH 45 N
WILLIS, TX 77318


MIDLAND CENTRAL APPRAISAL DISTRICT
C/O MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
ATTN: LEE GORDON
P.O. BOX 1269,
ROUND ROCK, TX 78680


MIKE SULLIVAN
HARRIS COUNTY TAX ASSESSOR-COLLECTOR
P. O. BOX 4622.
HOUSTON, TX 77210-4622


MONTGOMERY COUNTY
C/O LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
ATTN TARA L. GRUNDEMETER
PO BOX 3064
HOUSTON, TX 77253-3064


NATIONAL OILWELL VARCO
PO BOX 201224
DALLAS, TX 75320-1224


NATIONAL OILWELL VARCO, L.P.
ATTN: TONY PARKER
7909 PARKWOOD CIRCLE DR. BLDG #2
HOUSTON, TEXAS 77036


NDIC OIL AND GAS DIVISION
600 EAST BOULEVARD AVE DEPT 405
BISMARCK, ND 58505-0840

OFFICE OF THE UNITED STATES TRUSTEE
ATTN: ELLEN MARESH HICKMAN
515 RUSK STREET, SUITE 3516
HOUSTON, TX 77002


OG & E ELECTRIC SERVICES
5848 E 15TH ST
TULSA, OK 74112


OG & E ELECTRIC SERVICES
C/O BANKRUPTCY CLERK
P.O. BOX 321 M223
OKLAHOMA CITY, OK 73101


OIL CONSERVATION DIVISION
1220 SOUTH ST. FRANCIS DR.
SANTA FE, NM 87505


OKLAHOMA CHILD SUPPORT SERVICES
PO BOX 248822
OKLAHOMA CITY, OK 73124


OKLAHOMA CORPORATION COMMISSION
OIL AND GAS DIVISION
2101 N LINCOLN BLVD
OKLAHOMA CITY, OK 73105


OKLAHOMA COUNTY TREASURER
P.O. BOX 268875
OKLAHOMA CITY, OK 73126-8875


OKLAHOMA NATURAL GAS
OKLAHOMA TAX COMMISSION
GENERAL COUNSEL'S OFFICE
120 N. ROBINSON, STE 2000W
OKLAHOMA CITY, OK 73102-7895


OKLAHOMA TAX COMMISSION
PO BOX 26930
OKLAHOMA CITY, OK 73126-0930


PRECISION INDUSTRIES INCORPORATED
PO BOX 1088
MCPHERSON, KS 67460


35796708.2                              - 16 -

PV FLUID PRODUCTS, INC.
C/O TRENT L. ROSENTHAL
700 MILAM ST., STE 1100
HOUSTON, TEXAS 77002


QUALITY MACHINE SERVICES INC.
8412 SW 8TH STREET
OKLAHOMA CITY, OK 73128-4228


RAILROAD COMMISSION OF TEXAS
P.O. BOX 12967
AUSTIN, TEXAS 78711-2967


SIX RECRUITMENT
800 TOWN AND COUNTRY BLVD SUITE 300
HOUSTON, TX 77024


STABIL DRILL SPECIALTIES LLC
C/O SUPERIOR ENERGY SERVICES, INC.
ATTN: JENNIFER HILLEGONDS
1001 LOUISIANA STREET, SUITE 2900
HOUSTON, TX 77002


STEVE DAVIS
17200 HARDWOOD PL
EDMOND, OK 73012


STI, LLC
PO BOX 52288
LAFAYETTE, LA 70505


TAMMY JONES
OKLAHOMA COUNTY TREASURER
320 ROBERTS S. KERR, RM 307
OKLAHOMA CITY, OK 73102


TAX AND REVENUE ADMINISTRATION – ALBERTA
9811 - 109 STREET
EDMONTON, AB T5K 2L5


TAX ASSESSOR/COLLECTOR - TAMMY MCRAE
400 N SAN JACINTO ST
CONROE, TX 77301-2823

TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIVISION - BANKRUPTCY SECTION
P.O. BOX 13528 CAPITOL STATION
AUSTIN, TX 78711


TEXAS WORKFORCE COMMISSION
TWC BUILDING - REGULATORY INTEGRITY DIVISION
101 EAST 15TH STREET
AUSTIN, TX 78778


THE CITY OF OKLAHOMA CITY
P.O. BOX 26570
OKLAHOMA CITY, OK 73126-0570


TOYOTA FINANCIAL SERVICES
COMMERCIAL FINANCE DEP. 2431
CAROL STREAM, IL 60132-2431


TOYOTA MOTOR CREDIT CORPORATION
C/O SCOTT D. FINK
WELTMAN, WEINBERG & REIS CO., L.P.A.
323 W. LAKESIDE AVE., SUITE 200
CLEVELAND, OHIO 44113


TOYOTA MOTOR CREDIT CORPORATION
C/O SIDNEY H. SCHEINBERG
GODWIN LEWIS PC
1201 ELM STREET, SUITE 1700
DALLAS, TX 75270


TRAVIS LYSAK
FASKEN MARTINEAU DUMOULIN LLP
3400 350 7TH AVE SW
CALGARY AB T2P 3N9


TURBO DRILL INDUSTRIES, INC.
MCCUAIG DESROCHERS LLP
ATTN: ROBERT M. CURTIS, Q.C. & TERRENCE N. LYSAK
2401 TD TOWER, 10088-102 AVE NW
EDMONTON AB, T5J 2Z1


UNITED MACHINE WORKS
PO BOX 525
NEW WAVERLY, TX 77358

UNITED STATES ATTORNEY GENERAL
DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20530


US BANK NA DBA US BANK EQUIPMENT FINANCE
ATTN: JEFFREY LOTHERT
1310 MADRID STREET
MARSHALL, MN 56258


US EPA REGION 6 BANKRUPTCY CONTACT
FOUNTAIN PLACE
1445 ROSS AVE.
DALLAS, TX 75202-2750


UTAH DEPARTMENT OF NATURAL RESOURCES
DIVISION OF OIL, GAS AND MINING
1594 WEST NORTH TEMPLE, SUITE 1210
BOX 145801
SALT LAKE CITY, UTAH 84114-5801


WEATHERFORD ARTIFICIAL LIFT SYSTEMS, LLC
PO BOX 301003
DALLAS, TX 75303


WORKER'S COMPENSATION BOARD – ALBERTA
9912 107 ST. NW
EDMONTON, AB T5K 1G5


WYOMING OIL AND GAS CONSERVATION COMMISSION
P.O. BOX 2640
CASPER, WY 82602


ZURICH AMERICAN INSURANCE COMPANY
ATTN: ANNETTE PEAT
P.O. BOX 68549
SCHAUMBURG, IL 60196